UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA RODRIGUES,<br><br>  Plaintiff,<br><br>  v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>  Defendant. | Case No. 25-cv-05815-AMO<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 11 |

Before the Court is Plaintiff Karla Rodrigues's motion to remand. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court denies the motion to remand, for the following reasons.

## BACKGROUND

According to Rodrigues's complaint, on or about July 12, 2019, Rodrigues purchased a 2019 Jaguar I-Pace, which was accompanied by express and implied warranties. Dkt. No. 1-2 ("Compl.") ¶¶ 5, 9-10. The vehicle was delivered with "serious defects and nonconformities." *Id.* ¶ 11. Defendant Jaguar North America, LLC has allegedly not cured the vehicle's shortcomings, and, therefore, Rodrigues is suing for breach of express and implied warranty under the Song-Beverly Consumer Warranty Act. *Id.* ¶¶ 13-34.

On April 9, 2025, Jaguar was served with a summons, including a copy of the complaint, initially filed in the Superior Court of California, County of Alameda. Dkt. No. 12-1 ¶ 7. On June 11, 2025, Jaguar received a copy of the sales contract for the vehicle. Dkt No. 12-1 ¶ 10. Jaguar removed the action to the Northern District of California on July 11, 2025. Dkt. No. 1. On August 6, 2025, Rodrigues filed a motion to remand, Dkt. No. 11, which Jaguar opposed, Dkt. No. 12.

///

**LEGAL STANDARD**

District courts have original jurisdiction over civil cases where the parties are citizens of different states or territories and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The amount in controversy is the "amount at stake in the underlying litigation," including the payment by defendant that may result from the litigation, less interest and costs. *Gonzales v. CarMax Auto Superstores,* 840 F.3d 644, 648 (9th Cir. 2016) (internal citation omitted). The amount includes all damages, the cost of complying with an injunction, and attorney's fees under fee shifting statutes. *Id.* at 648-49.

A defendant must remove a case within the shorter period of (1) 30 days after receiving the initial complaint, or (2) if the pleading has been filed in court and does not need to be served upon defendant, within 30 days of receiving a summons. 28 U.S.C. § 1446(b)(1). If a case is not removable based on the initial pleading, it may be removed within 30 days of receiving a paper from which it may be ascertained for the first time that the action is removable. 28 U.S.C. § 1446(b)(3).

**DISCUSSION**

Rodrigues argues that remand is warranted because (1) Jaguar failed to timely remove the action, (2) Jaguar failed to establish diversity of citizenship, and (3) the principles of comity merit remand. Dkt. No. 11. The Court discusses each of these arguments in turn.

**1.    Timeliness**

The timeliness requirements for removal are set forth in 28 U.S.C. § 1446, which provides two distinct 30-day periods in which a case may be removed to federal court. 28 U.S.C. § 1446(b). A case may be removed: (1) within thirty days after the defendant's receipt of the initial pleading, or (2) within thirty days from when the defendant receives "an amended pleading, motion, order or other paper" that indicates a basis for removal that was not "affirmatively reveal[ed]" in the initial pleading. *Id.*; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005). If removability is unclear from the initial pleading, "the case is 'not removable' at that stage." *Id.* at 694. The second thirty-day window is triggered when a case is "rendered removable by virtue of a change in the parties or other circumstance revealed in a newly-filed 'paper'. . ." *Id.* at 694.

<mark>Case 3:25-cv-05815-AMO   Document 27   Filed 01/02/26   Page 3 of 5</mark>

Rodrigues contends that the first period applies because Jaguar "had more than adequate information to remove the case in accordance with § 1446(b)" since April 9, 2025, when Jaguar was served with a copy of the complaint. Dkt. No. 11 at 5. But Rodrigues did not allege a specific amount in controversy in the complaint. Indeed, the complaint did not include the purchase price of the vehicle, a copy of the sales contract, nor any claimed amount of monetary damages. *See generally* Compl.

It is well-settled within the Ninth Circuit that Jaguar had no obligation to conduct its own investigation or make further inquiry as to the amount in controversy. *See Harris*, 425 F.3d at 694 ("removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."); *see also Garcia v. Ford Motor Co.*, No. 2:24-cv-00563-KJM-DB, 2024 WL 3357004, at *2 (E.D. Cal. July 9, 2024) (finding that though defendant car manufacturer could have "guessed" the amount in controversy before receipt of the sales contract, it was under no obligation to do so); *McFadden v. Nissan N. Am., Inc.*, No. 2:23-cv-01091-AC, 2023 WL 4842332, at *3 (E.D. Cal. July 28, 2023) (same). Thus, the sales contract was the first document Jaguar obtained from which removability could be determined.

Because the sales contract started the applicable thirty-day window for the purposes of removal, the sales contract constituted an "other paper" that enabled Defendant to readily determine the amount in controversy. *See* 28 U.S.C. §1446(b)(3*)*; *Harris*, 425 F.3d at 694. As a result, Jaguar's thirty-day window for removal began on June 11, 2025, when Jaguar received a copy of the sales contract. Jaguar filed the Notice of Removal within thirty days of receiving the sales contract, so Jaguar's removal on July 11, 2025, was timely.

**2. Diversity of Citizenship**

For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "It is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" *NewGen, LLC v. Safe Cig, LLC* 840 F.3d 606, 614 (9th Cir. 2016) (quoting *Anderson v. Watts*, 138 U.S. 694, 706 (1891)). "Courts within this district have . . . found that

<mark>3</mark>

1    diversity jurisdiction exists based on assertions of residence, absent evidence about domicile to the
2    contrary." *Ervin v. Ballard Marine Constr., Inc.* No. 16-CV-02931-WHO, 2016 WL 4239710, at
3    *3 (N.D. Cal. Aug. 11, 2016).

4    Rodrigues asserts Jaguar has not adequately alleged complete diversity. Not so. Although
5    residency and domicile for citizenship are not always the same, *see Duran v. Allegis Glob. Sols., Inc.*,
6    No. 20-CV-09025-JD, 2021 WL 3281073, at *1 (N.D. Cal. Aug. 2, 2021), the complaint avers that
7    Rodrigues is "residing in the City of Livermore, County of Alameda, and State of California."
8    Compl. ¶ 1. Rodrigues also provided a Livermore, California home address in her sales contract with
9    Jaguar. *See* Dkt. No. 12-3 at 2. Rodrigues does not contest this, and she has provided no facts
10   establishing that she is not domiciled in California. Thus, the Court finds that Jaguar has adequately
11   alleged that Rodrigues is a citizen of California. *See NewGen*, 840 F.3d at 614 (9th Cir. 2016). Also,
12   Jaguar provides evidence that it is not a citizen of California, which Rodrigues does not contest.
13   Therefore, diversity jurisdiction exists.

14   **3. Comity**

15   Finally, Rodrigues asks this Court to "veto" the exercise of jurisdiction even if the Court
16   finds that the parties are diverse. Dkt. No. 11 at 7-9. In support of the proposition that the Court
17   may choose to remand the case despite the existence of diversity jurisdiction, Rodrigues cites to
18   *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), in which the
19   Supreme Court considered a district court's authority to "veto" the exercise of federal question
20   jurisdiction where removal is based on a federal issue embedded in a state law claim. There, the
21   Supreme Court held that "even when the state action discloses a contested and substantial federal
22   question, the exercise of federal jurisdiction is subject to a possible veto . . . if federal jurisdiction is
23   consistent with congressional judgment about the sound division of labor between state and federal
24   courts governing the application of § 1331." *Id.* at 313-14. Nothing in *Grable* suggests that a district
25   court may decline to exercise diversity jurisdiction when the removing party satisfies the statutory
26   requirements of 28 U.S.C. § 1332.

27   To the contrary, federal courts generally do not have discretion to decline to exercise original
28   subject matter jurisdiction. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S.

4

800, 817 (1976) (district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."). Whether to exercise diversity jurisdiction is not discretionary. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 356 (1988) ("In *Thermtron*, the District Court had no authority to decline to hear the removed case. The court had diversity jurisdiction over the case, which is not discretionary."); *see also BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n. 2 (9th Cir. 2009) (Fisher, J. concurring) ("the diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims"). Thus, "[d]istrict courts sitting in diversity . . . lack the option of refusing state law claims out of consideration for 'judicial economic, convenience, fairness, and comity.'" *BNSF Ry*, 572 F.3d at 793 n. 2 (quoting *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173 (1997)); *see also Bratton v. FCA US LLC,* No. 17-CV-01458-JSW, 2017 WL 11687946 (N.D. Cal. June 22, 2017) (collecting cases finding that federal courts have no discretion to exercise diversity jurisdiction). Therefore, Plaintiff's argument that this Court should decline to exercise jurisdiction for comity concerns is inapposite.

## CONCLUSION

For the reasons stated above, Rodrigues's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 2, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**